## DICK VS ROSS ET AL.

### Opinion delivered October 27, 1905.

### (89 S. W. Rep. 664).

1. *Indians—Five Civilized Tribes—Determination of Citizenship—Constitutionality.*

    Under the Acts of Congress the Dawes Commission is a special Tribunal to determine citizenship and said acts creating that authority are constitutional.

2. *Same—Dawes Commission—Extent of Authority.*

    Under Act of March 3, 1893 (27 Stat. 645 C. 209 Art. 16), March 2, 1905 (28 Stat. 939, C. 189), June 10, 1896 (29 Stat. 339, C. 398), June 7, 1897 (30 Stat. 84, C. 3), and June 28, 1898 (30 Stat. 502, C 517, Art. 21), the Commission to the Five Civilized Tribes was created and vested with judicial power to hear and determine the claims of all applicants to it for citizenship in the Five Nations in accordance with the provisions of these acts of Congress; and the courts have no jurisdiction to correct its errors, control its decisions, review or reverse its judgments, or compel it to make different decisions upon these questions. Under the Act of Congress of July 1, 1902 (32 Stat. pt. 1, p. 718, C. 1375, Art. 22) it is provided: Exclusive jurisdiction is hereby conferred upon the Commission to the Five Civilized Tribes, under the direction of the Secretary of the Interior, to determine all matters relating to the appraisment and allotment of lands. The legislation authorizing the Commission to determine citizenship is constitutional. When a special tribunal is authorized to hear and determine certain matters its decisions within the scope of its authority are conclusive.

Appeal from the United States Court for the Northern District of the Indian Territory; before Justice Joseph A. Gill, November 12, 1903.

Suit by J. Henry Dick against Aaron Ross and others. From a decree in favor of defendants, complainant appeals. Affirmed.

On November 10, 1903, the plaintiff filed his amended complaint in equity, and alleged that he is a member of the

Cherokee Tribe of Indians by blood and has been duly enrolled as such by the Commission to the Five Civilized Tribes, with the approval of the Secretary of the Interior; that the defendant Aaron Ross is of African descent, and is known as a "Cherokee freedman," and claims the right of a native Cherokee, and to be enrolled by said commission as a member of the Cherokee Tribe, and to participate in the distribution of the property of said tribe; that the other defendants are the individual members of the Commission to the Five Civilized Tribes; that defendant Ross claims a right to an allotment of the lands of the Cherokee Tribe, and to participate in the distribution of the property of said tribe, under certain laws and treaties of the United States and certain so-called amendments to the Constitution of the Cherokee Nation, alleged to have been adopted November 28, 1866, by a convention of the Cherokee people, which various amendments plaintiff sets forth at length in his complaint, together with the certificate of the president and secretary of said convention that the same had been approved and adopted, and the proclamation of the principal chief of said nation declaring said amendments to be a part of the Constitution of the Cherokee Nation; that plaintiff is entitled under the laws, treaties, and agreements between the Cherokees and the United States to have allotted to him by said Commission to the Five Civilized Tribes lands of the tribe, equal in value to 110 acres of the average allottable land of said tribe; that on May 20, 1903, he selected 60 acres as part of his allotment, and the same was allotted to him by said commission; that on July 7, 1903, defendant Ross filed a contest before said commission against this plaintiff holding said lands, claiming that he is in rightful possession of same and the improvements thereon as a Cherokee freedman, and said commission claims jurisdiction of said contest and is about to decide same, and this plaintiff says said commission has no jurisdiction over such contest; that said commission takes

jurisdiction on the ground that said contestant Ross has a right to an allotment of the lands of the Cherokee Tribe, and claims superior right to the particular tract under the rules of practice for said commission prescribed by the Secretary of the Interior to this plaintiff. Plaintiff alleges that under the law the Cherokee freedmen are not entitled to participate in the allotments of the lands of the Cherokee Tribe of Indians among the members of said tribe, and that said Aaron Ross. has no right under any law or treaty to select any part of said lands to be allotted to him or to contest the allotment of the lands described herein to your complainant as aforesaid. Plaintiff denies that the· alleged amendments to the Cherokee Constitution, alleged to have been adopted in 1866, are a part of the organic law of said nation, because they were not adopted as provided in the original Constitution for amendments thereto. Plaintiff sets out in his complaint, at length, said original Constitution, adopted at Tahlequah in convention on September 6, 1830, and in article 3, section 20, of same it is provided that "the national council shall have the sole power of deciding on the construction of all treaty stipulations," and that on April 27, 1886, the national council passed a law construing the rights of Cherokee citizenship as designed to be conferred upon freedmen and civilized Indians by the ninth and fifteenth articles of the treaty of 1866, in which it was provided: "All the rights of native Cherokees, as used in the 9th and 15th articles of the treaty of July 19, 1866, between the United States and this nation, is hereby construed to mean the individual rights, privileges, and benefits enjoyed by white adopted citizens of this nation, before and at the making of said treaty, and who had been by law admitted to 'all the rights of the native Cherokees'—civil, political and personal, as subjects of the Cherokee Nation of Indians—without acquiring any right or title to the Cherokee domain." And further provided that "the free colored persons and freedmen, de-

scribed in the 9th article of said treaty, were admitted to, and are now entitled to, those rights of 'Native Cherokees' as had been and were, when the said treaty was made, previously held and enjoyed by native Cherokees and adopted whites who had been granted all the rights of native Cherokees as citizens of this government, yet had been excluded from per capita of money realized by this nation from the sale of land, the said colored persons and freedmen did not acquire by the use of the phrase 'all the rights of native Cherokees' any individual or other title to the Cherokee domain or any part of the same other than the use thereof in common with all other citizens." Plaintiff further alleges that the lands and property within the Cherokee Nation have never been owned by the body politic, known as the "Cherokee Nation," since the treaty of 1846, but have been owned in common by the Cherokee people, and plaintiff denies that by act of July 1, 1902, or any other law, Congress has conferred any rights on defendant Ross, or other Cherokee freedmen, to the property of the Cherokee Tribe, not enjoyed by them prior to said act. And plaintiff further alleges that if Congress, under said act, or any other act heretofore passed, intended to confer any rights on defendant Ross to an interest in the common property of the Cherokee Tribe, not previously enjoyed by him, such intention would be in violation of the property rights of your complainant and other members of the Cherokee Tribe by blood, and repugnant to the Constitution of the United States, illegal, and void. Plaintiff denies that any additional or greater property rights were conferred upon defendant Ross by act of July 1, 1902, and in support of said denial alleges that act was to have no validity unless ratified by a majority of the legal votes of the Cherokee Nation; that 2,000 intermarried white men and 1,500 freedmen voted for ratification of same, while practically all of the Cherokees by blood, whose right to and common ownership of the lands and funds of the Cherokees has never

been disputed, voted against the ratification of said law; that, while said intermarried white men and freedmen may have been "legal voters" of the Cherokee Nation, they were never part owners of the Cherokee estate and no act of theirs could vest in themselves property belonging to the Cherokees. Plaintiff alleges that, as said Ross is not entitled to allot any lands of the Cherokee Tribe, the said commission has no jurisdiction of any contest filed by said defendant Ross against the allotment of this plaintiff, and that plaintiff would be put to great expense should defendant Ross file such a contest and said commission take jurisdiction of the same. Therefore plaintiff asks for restraining orders against defendant Ross, and against the defendants, the members of the commission.

Defendant Ross and the other defendants demur to plaintiff's complaint, as follows: "(1) That said amended complaint does not state facts sufficient to constitute a cause of action against these defendants. (2) That said court has no jurisdiction of the subject-matter set forth in said amended complaint, and has no power or authority under the law to hear and determine any matters raised by said amended complaint. Wherefore these defendants pray that said amended complaint be dismissed, and that they go hence without day." And thereafter the same were heard by the court, and the following decree rendered: "And thereafter, on the 12th day of November, A. D. 1903, during the same term of court, among other proceedings, the following were had, to wit: Equity No. 473. J. Henry Dick, Plaintiff vs Aaron Ross et al, Defendants. Injunction. Now, on this 12th day of November, A. D. 1903, the same being one of the judicial days of the said November term, 1903, of said court, this cause again came on to be heard upon the demurrers filed by said defendants to the amended complaint of said plaintiff, and the said plaintiff being represented by his attorney, Kenneth S. Murchison,

and the defendants Tams Bixby, Thomas B. Needles, Clifton R. Breckinridge and William E. Stanley being represented by their attorney, P. L. Soper, and the said Aaron Ross being represented by his attorney, William F. Rasmus, and after argument thereof, and the court being fully advised in the premises, doth sustain said demurrers, to which ruling of the court, in sustaining each of said demurrers the plaintiff then and there in open court, by his counsel, Kenneth S. Murchison, duly excepts and refuses to plead further and elects to stand on his amended complaint filed herein. Wherefore, it is considered, ordered and adjudged by the court that the complaint in equity heretofore filed in this court by said plaintiff be and the same is hereby dismissed, to which judgment of the court, the said plaintiff, by his attorney, Kenneth S. Murchison, duly excepts. Joseph A. Gill, U. S. Judge."

It was stipulated by counsel that Exhibit 1 referred to in plaintiff's complaint, being the laws of the Cherokee Nation, be omitted from the record, but the same to be used on the argument by either party. Whereupon plaintiff appealed to this court.

*Kenneth S. Murchison*, for appellant.

*Wm. F. Rasmus*, for appellee Ross.

*P. L. Soper*, U. S. Atty., for appellees Bixby, Needles, Brecinridge, and Stanley.

TOWNSEND, J. (after stating the facts). The complaint challenges the right of the defendant Ross, as a Cherokee freedman, to be enrolled as a citizen of the Cherokee Nation, and to participate in the distribution of the property of the Cherokee Tribe of Indians, and seeks to enjoin the Commission

to the Five Civilized Tribes from determining those questions, upon the ground that said commission is without jurisdiction to do so. The defendants demur to the complaint upon two grounds, as follows: "First, that the court had no jurisdiction on the subject-matter of the action, and, second, that the amended complaint did not state facts sufficient to constitute a cause of action against appellees." Under the acts of Congress the Dawes Commission is a special tribunal to determine citizenship. In Kimberlin vs Commission to the Five Civilized Tribes, 104 Fed. 654, 44 C. C. A. 109, the Circuit Court of Appeals for the Eighth Circuit said: "The Commission to the Five Civilized Tribes, created by the acts of Congress of March 3, 1893 (27 Stat. 645, c. 209, § 16), March 2, 1895 (28 Stat. 939, c. 189), June 10, 1896 (29 Stat. 339, c. 398), June 7, 1897 (30 Stat. 84, c. 3), and June 28, 1898 (30 Stat. 502, c. 517, § 21), is a special tribunal, vested with judicial power to hear and determine the claims of all applicants to it for citizenship in the Five Nations in accordance with the provisions of these acts of Congress; and the courts have no jurisdiction to correct its errors, control its decisions, review or reverse its judgments, or to compel it to make different decisions upon these questions." Under the act of Congress of July 1, 1902 (32 Stat. pt. 1, p. 718, c. 1375, § 22), it is provided: "Exclusive jurisdiction is hereby conferred upon the Commission to the Five Civilized Tribes, under the direction of the Secretary of the Interior, to determine all matters relative to the appraisement and allotment of lands." The legislation authorizing the commission to determine citizenship is constitutional. Stephens vs Cherokee Nation, 174 U. S. 445, 19 Sup. Ct. 722, 43 L. Ed. 1041. In 19 Opinions of Attorney General, 231, Attorney General Garland said: It is a familiar rule "that, when a special tribunal is authorized to hear and determine certain matters, its decisions within the scope of its authority are conclusive." The following authorities in support of the doctrine are cited:

Vance vs Burbank, 101 U. S. 519, 25 L. Ed. 929, citing Johnson vs Towsley, 13 Wall. 72, 20 L. Ed. 485; Warren vs Van Brunt, 19 Wall. 646, 22 L. Ed. 219; Shepley vs Cowan, 91 U. S. 330, 23 L. Ed. 424; Moore vs Robbins, 96 U. S. 531, 24 L. Ed. 848; Marquez vs Frisbie, 101 U. S. 473, 25 L. Ed. 800; Stephens vs Cherokee Nation, 174 U. S. 445, 19 Sup. Ct. 722, 43 L. Ed. 1041; Cherokee Nation vs Hitchcock, 187 U. S. 294, 23 Sup. Ct. 115, 47 L. Ed. 183; United States vs California & Oregon Land Co., 148 U. S. 31, 13 Sup. Ct. 458, 37 L. Ed. 354; Aurora Mining Co. vs 85 Mining Co. (C.C.) 34 Fed. 515, 519.

In our opinion the court below was without jurisdiction to entertain this case, and the judgment refusing the injunction and dismissing the complaint is therefore affirmed.

CLAYTON, J., concurs. RAYMOND, C. J., not participating.